UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:15-cr-73-JPH-DML-10 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| CHARLES VANATTA | (COMPASSIONATE RELEASE) |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15-cr-00073-JPH-DML |
| | ) | |
| CHARLES VANATTA, | ) -10 | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Charles Vanatta requests compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, Mr. Vanatta's motions are **denied**.

### I. Background

In 2016, Mr. Vanatta pled guilty to one count of conspiracy to possess with intent to distribute and to distribute 500 grams or more of methamphetamine (mixture), in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924 (c)(1). Dkts. 270, 274. According to the presentence investigation report, Mr. Vanatta served as a mid-level polydrug dealer in a multiple-pound methamphetamine trafficking conspiracy in the Indianapolis area. Dkt. 267. The Court sentenced Mr. Vanatta to an aggregate 180 months of imprisonment, to be followed by 5 years of supervised release. Dkts. 270, 274.

In November 2020, Mr. Vanatta filed a pro se motion for compassionate release. Dkt. 489. The Court appointed counsel to represent Mr. Vanatta, and counsel filed an amended motion for compassionate release. Dkts. 490, 496. Mr. Vanatta argues that his health conditions (chronic obstructive pulmonary disease, his age, being a current smoker and chronic back pain from a prior

injury) "place him at grave risk of serious illness or death should he contract COVID-19." Dkt. 496 at 11–17. The United States opposes Mr. Vanatta's request, arguing that Mr. Vanatta has not provided proof that he suffers from medical conditions that put him at increased risk of severe illness should he contract COVID-19. Dkt. 500 at 10–11. The United States further argues that Mr. Vanatta would pose a danger to the community if released and the sentencing factors under 18 U.S.C. § 3553 do not favor release. *Id.* at 12–14. In his reply, Mr. Vanatta acknowledges that he is now vaccinated,[1] but nevertheless argues that (1) the efficacy of the vaccine is unclear; (2) the vaccine is unlikely to be effective for him in light of his medical conditions, and (3) the duration of any immunity conferred by the vaccine is undetermined. Dkt. 503 at 4–9.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

---

[1] At the time of his reply, Mr. Vanatta had received only the first of the two-dose Moderna vaccines, but he received the second dose shortly thereafter and is now fully vaccinated. Dkt. 504-1.

Mr. Vanatta's reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions—is not an extraordinary and compelling reason to release him, either alone or in combination with any other reason. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Vanatta is fully vaccinated, and he has presented no evidence that he is unable to receive or benefit from the vaccine. *See id.* Additionally, Mr. Vanatta "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022). As a result, Mr. Vanatta cannot show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A). *Barbee*, 25 F.4th at 533.

Given the determination that Mr. Vanatta has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release. Even if he had made such a showing, however, the Court would nevertheless find that Mr. Vanatta is not entitled to compassionate release because the § 3553 factors do not weigh in his favor. [2] While

---

[2] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the

Mr. Vanatta has at least two medical conditions identified by the Centers for Disease Control and Prevention that place him at higher risk for severe illness from COVID-19, *see* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Apr. 25, 2022), he has been fully vaccinated against COVID-19. Mr. Vanatta reports that he has a minimum-security classification, has completed a drug education course, has only had one minor infraction for possessing a tobacco cigarette, has maintained his sobriety while incarcerated, has participated in hobby courses, has worked as a unit orderly, and has maintained positive work reports. Dkt. 496 at 22. However, weighing heavily against him, Mr. Vanatta was convicted of serious crimes and is not scheduled to be released for more than 5 years.

In light of these considerations, the Court finds that releasing Mr. Vanatta now would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

### III. Conclusion

For the reasons stated above, Mr. Vanatta's motions for compassionate release, dkts. [489] and [496], are **denied.**

**SO ORDERED.**

---

defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Date: 5/11/2022

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel